UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOHAMMAD BAGHER AYATOLLAHI TABAAR )
4050 Pendleton Drive, Apt. 225 )
Bryan, TX 77802 )
USCIS Receipt No. NBC*003462569 )
)
                    Plaintiff )
)
v. ) Civ. No.
)
ALEJANDRO MAYORKAS, Director )
U.S. Citizenship and Immigration Services )
20 Massachusetts Avenue, N.W. )
Washington, DC  20529 )
)
JEH CHARLES JOHNSON, Secretary )
U.S. Department of Homeland Security )
650 Massachusetts Avenue, NW )
Washington, DC  20001 )
)
MARIO R. ORTIZ, District Director )
San Antonio Field Office )
U.S. Citizenship and Immigration Services )
8090 Fourwinds Drive )
San Antonio, TX 78239 )
)
JAMES B. COMEY, Director )
Federal Bureau of Investigation )
J. Edgar Hoover Building )
935 Pennsylvania Avenue, N.W. )
Washington, DC  20535 )
)
ERIC H. HOLDER, JR., Attorney General )
U.S. Department of Justice )
950 Pennsylvania Avenue, N.W. )
Washington, DC 20530 )
)
                    Defendants )
)

## COMPLAINT FOR MANDAMUS AND DECLARATORY JUDGMENT

The Plaintiff, MOHAMMAD BAGHER AYATOLLAHI TABAAR, through

undersigned counsel, complains of the Defendants, ALEJANDRO MAYORKAS, Director, U.S.

Citizenship and Immigration Services; JEH CHARLES JOHNSON, Secretary, U.S. Department

of Homeland Security; MARIO R. ORTIZ, District Director of the San Antonio District Office,

U.S. Citizenship and Immigration Services; JAMES B. COMEY, Director, Federal Bureau of

Investigation; and ERIC H. HOLDER, JR., Attorney General, U.S. Department of Justice, as

follows:

## I. PREFATORY STATEMENT

1.  This is an action to compel the Defendants and those acting under them to take all

    appropriate action immediately and forthwith to issue a decision on the Application for

    Naturalization, Form N-400 ("N-400 application"), which was properly filed by the Plaintiff,

    Mr. Mohammad Bagher Ayatollahi Tabaar, and received by the Defendant, U.S. Citizenship

    and Immigration Services ("USCIS") of the U.S. Department of Homeland Security

    ("DHS"), on March 6, 2013. *See* Exh. 1. The Plaintiff is entitled to be scheduled for his

    naturalization interview and to receive a decision on his N-400 application within a

    reasonable period of time. 8 U.S.C. § 1421(a) (vesting the Attorney General with the

    exclusive authority to naturalize). However, his N-400 application remains within the

    jurisdiction of the Defendants, who have improperly withheld action on the petition for 373

    days and counting, to the detriment of the rights and privileges of the Plaintiff. He therefore

    requests that this Court compel the Defendants to perform their mandatory duty to schedule a

    naturalization interview and adjudicate the Plaintiff's long-pending N-400 application

    without further unreasonable delay.

2

## II. JURISDICTION

2. This is a civil action brought pursuant to 8 U.S.C. § 1329 (jurisdiction of the district courts), 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty) to redress the deprivation of rights, privileges, and immunities secured to the Plaintiff, by which statutes jurisdiction is conferred, to compel the Defendants to perform a duty that the Defendants owe to the Plaintiff. Jurisdiction is further conferred by 5 U.S.C. §§ 555(b) and 704, the Administrative Procedures Act ("APA").

3. Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The Code of Federal Regulations makes it clear that USCIS has a mandatory and affirmative duty to adjudicate a properly filed N-400 application. 8 C.F.R. §§ 334, 335.

4. Section 242 of the INA, 8 U.S.C. § 1252, does not deprive this Court of jurisdiction. INA § 242(a)(2)(B) provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action . . . the authority for which is specified . . . to be in the discretion of the Attorney General or the Secretary of Homeland Security." Because the adjudication of a properly filed N-400 application is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be in the discretion of the Attorney General or the Secretary of Homeland Security, the Court retains original mandamus jurisdiction over this claim. *See* 8 C.F.R. § 335.3(a). *See also Kashkool v. Chertoff*, 553 F. Supp. 2d 1131, 1136-

1139 (D. Ariz. 2008) ("Numerous district courts . . . which have addressed this specific issue overwhelmingly conclude that . . . the pace at which USCIS processes . . . applications is nondiscretionary and that [8 U.S.C. § 242(a)(2)(B)(ii)] does not bar judicial review."); *Liu v. Novak*, 509 F. Supp. 2d 1, 4-7 (D.D.C. 2007). Through this complaint, the Plaintiff is not challenging a decision on his N-400 application, as no decision has yet been made. Rather, the Plaintiff seeks an order compelling the Defendants to take action, including the prompt scheduling of a naturalization interview. This relief sought is not discretionary but is by definition a mandatory duty. *See, e.g., Iddir v. INS*, 301 F.3d 492, 497-98 (7th Cir. 2002).

5. The APA also requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) (providing that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it"). If the agency fails to render a decision within a reasonable time, the Court has power under 5 U.S.C. § 706(1) to compel the agency to do so. 5 U.S.C. § 706(1) (conferring power on the U.S. District Courts to compel agencies to perform "action unlawfully withheld or unreasonably delayed"). As set forth below, the delay of more than a year in processing the Plaintiff's N-400 application is unreasonable.

6. Finally, this Court has jurisdiction over the present action pursuant to 28 U.S.C. § 2201, the Declaratory Judgment Act, to declare the Defendants' failure to act on the Plaintiff's N-400 application to be arbitrary and capricious, unconstitutional, and a violation of the INA, the federal regulations, and the APA. *See Accardi v. Shaughnessy*, 347 U.S. 260 (1954); *Peoples v. U.S. Dep't of Agric.*, 427 F.2d 561, 565 (D.C. Cir. 1970). *See also* 8 U.S.C. §§ 1421(a), 1427; 8 C.F.R. §§ 334, 335; 5 U.S.C. §§ 555(b), 706(1), 706(2).

## III. VENUE

7. Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391(e), because this is

    an action against officers and agencies of the United States in their official capacities,

    brought where a substantial part of the events or omissions giving rise to the Plaintiffs' claim

    occurred. Alejandro Mayorkas, Jeh Charles Johnson, James B. Comey, and Eric H. Holder

    are sued in their official capacities as Director of USCIS, Secretary of DHS, Director of FBI,

    and Attorney General, respectively, all United States federal agencies and residents of this

    district.

## IV. PARTIES

8. The Plaintiff MOHAMMAD BAGHER AYATOLLAHI TABAAR is a lawful permanent

    resident of the United States and a citizen of Iran. He is an applicant for an N-400 application

    that is currently pending before USCIS.

9. The Defendant ALEJANDRO MAYORKAS is the Director of USCIS. This suit is brought

    against Director Mayorkas in his official capacity, as USCIS is the component of DHS that is

    responsible for adjudicating Form N-400 applications.

10. The Defendant JEH CHARLES JOHNSON is the Secretary of Homeland Security. This suit

    is brought against Secretary Johnson in his official capacity, as he is charged with overseeing

    the actions of DHS, including its adjudication of Form N-400 applications.

11. The Defendant MARIO R. ORTIZ is the Director of the USCIS San Antonio District Office.

    This suit is brought against Director Ortiz in his official capacity, as he is charged with

    adjudicating all N-400 applications that fall within his office's jurisdiction.

12. The Defendant JAMES B. COMEY is the Director of the FBI. This suit is brought against Director Comey in his official capacity, because as a matter of policy, he is responsible for performing background and security checks for certain applicants for immigration benefits.

13. The Defendant ERIC H. HOLDER is the Attorney General. This suit is brought against Attorney General Holder in his official capacity, as applicants for naturalization must establish eligibility to the satisfaction of the Attorney General.

## V. CAUSE OF ACTION

14. USCIS shall grant naturalization applications to qualified applicants who meet the statutory requirements set forth at 8 U.S.C. § 1427, and the regulatory requirements set forth at 8 C.F.R. §§ 334, 335. *See* 8 C.F.R. § 335.3. To establish eligibility for naturalization, an applicant must file a Form N-400 application with USCIS, pay the required filing fee, and demonstrate that (a) immediately preceding the date of filing his application, he has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years; (b) immediately preceding the date of filing his application, he has been physically present within the United states for periods totaling at least half of those five years; (c) he has resided within the State or within the district of USCIS in which the applicant filed the application for at least three months; (d) he has resided continuously within the United States from the date of the application up to the time of admission to citizenship; (e) during all of these periods, he has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well-disposed to the good order and happiness of the United States. *See* 8 U.S.C. § 1427(a); 8 C.F.R. § 334, 335.

15. Approval of a properly filed N-400 application by a qualified applicant is a purely
    ministerial, non-discretionary act for which USCIS has exclusive authority and
    responsibility. *See* 8 C.F.R. §§ 334, 335. Currently, the Defendant USCIS San Antonio
    District Office estimates that it is processing N-400 applications within 5.0 months of receipt,
    slightly shorter than the national average estimated processing time for such N-400
    applications, which is 5.3 months. *See* Exh. 2.

16. On March 6, 2013, the Plaintiff filed an N-400 application with the Defendant USCIS. *See*
    Exh. 1. Pursuant to 8 U.S.C. § 1427 and 8 C.F.R. § 334, he filed the necessary forms and
    supporting documentation, as well as the requisite filing fee.

17. For more than a year, the Plaintiff has waited to be scheduled for his naturalization interview.
    He has made numerous written, telephonic, and e-mail inquiries to USCIS concerning the
    delay in processing his application and scheduling him for an interview. Most of his inquiries
    have gone unanswered, and others have blamed the delay on efforts to locate his file. All
    excuses aside, his application has now been pending for more than a year and is well outside
    normal processing times. *See* Exh. 2.

18. The Plaintiff is understandably eager to proceed with his naturalization application. The
    delay in these proceedings impacts his ability to advance professionally, to sponsor family
    members for immigration benefits, and to enjoy the privileges and responsibilities of U.S.
    citizenship. He is unaware of any reason why his application should be delayed or his
    naturalization interview not promptly scheduled.

19. The approval or denial of N-400 applications is the responsibility of USCIS under the INA
    and federal regulations. *See* 8 U.S.C. § 1427; 8 C.F.R. §§ 334, 335. Through this complaint,

the Plaintiff is not challenging a decision on his N-400 application; he complains only that USCIS has failed to render *any* decision. The Plaintiff thus seeks to compel the Defendants to take action by scheduling him for a naturalization interview and making a decision on his long-pending N-400 application. The relief sought is not discretionary, and is by definition a mandatory duty. *See* 8 C.F.R. § 335.3(a). *See, e.g., Iddir*, 301 F.3d at 497-98.

20. The Plaintiff has met all filing requirements for the N-400 application and he is *prima facie* eligible for naturalization. Nonetheless, due to the unreasonable delay by the Defendants, the Plaintiff has had to wait more than a year even to be scheduled for a naturalization interview. *See* Exh. 1. This unreasonable and continuing delay is more than 7 months beyond USCIS's own current estimated processing times for N-400 applications before the San Antonio District Office. *See* Exh. 2.

21. As all administrative remedies have now been exhausted, and the Plaintiff is suffering a continuing harm due to the delay, there exists no other adequate remedy than the filing of this complaint. Accordingly, the Plaintiff requests that this Court assume jurisdiction and compel the Defendants to schedule him for a naturalization interview and to adjudicate his application without further delay, including taking all necessary steps to complete the processing of required background and security checks.

## VI. CLAIMS

22. A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the Defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Iddir*, 301 F. 3d at 499; *see also Liberty Fund, Inc. v. Chao*, 394 F. Supp. 2d 105, 113 (D.D.C. 2005). The Plaintiff meets these criteria.

23. First, the Plaintiff has a clear right to the relief requested, as the Plaintiff has fully complied

with all the statutory and regulatory requirements for seeking naturalization, including the

submission of all necessary documentation and the payment of all required fees. *See* 8 U.S.C.

§ 1427; 8 C.F.R. §§ 334, 335. *See also* Exhs. 1, 3. The Defendants have willfully and

unreasonably failed to process or adjudicate the Plaintiff's N-400 application for more than

12 months and counting, thereby depriving the Plaintiff of his rights under 8 C.F.R. §§ 334,

335 to have a properly filed N-400 application adjudicated in a timely manner.

24. Second, the Defendants have a clear duty to act upon and adjudicate the Plaintiff's N-400

application, and they have unreasonably failed to perform that duty. This duty is owed under

the INA and the federal regulations, as well as by the fact that in charging a filing fee, the

Defendant USCIS has created for itself an obligation to process and adjudicate the petition.

*See* INA § 286(m); 8 C.F.R. § 103.7(b)(1); 76 Fed. Reg. 53764 (Aug. 29, 2011); *Iddir*, 301

F.3d at 500; *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-62 (1992) ("When the

suit is one challenging government action or inaction, [and] the plaintiff is himself an object

of the action (or foregone action) at issue, . . . there is ordinarily little question that the action

or inaction caused him injury, and that a judgment preventing or requiring the action will

redress it."); *Manmohanjit Singh v. Still*, 470 F. Supp. 2d 1064, 1067 (N.D. Cal. 2007)

(noting that regulations reflect a nondiscretionary duty to process applications for

immigration benefits). The Plaintiff has no alternative means to obtain adjudication of his N-

400 application, and thus, his right to issuance of the writ is "clear and indisputable." *Allied

Chemical Corp. v. Daiflon Inc.*, 449 U.S. 33, 35 (1980); *see also Lujan*, 504 U.S. at 561-62.

25. The duty to adjudicate the Plaintiff's N-400 application is mandatory, and is not within the
Defendants' discretion, as by statute and by regulation the adjudication of a properly filed N-
400 application is a purely ministerial, non-discretionary act, which the Defendants are under
obligation to perform in a timely manner. *See* 8 U.S.C. § 1427; 8 C.F.R. §§ 334, 335.
Although there is no statutory deadline for scheduling a naturalization interview and
adjudicating an N-400 application, there is a nondiscretionary duty to take such actions
within a reasonable period of time. *See* 5 U.S.C. §§ 555(b), 706(1). The Defendants have
failed to perform this duty.

26. Third, the Court should compel the Defendants to adjudicate the Plaintiff's long-pending N-
400 application, because no other adequate remedy is available to the Plaintiff. The
Defendants have inexplicably and unreasonably failed to perform their clear duty to act by
scheduling a naturalization interview and adjudicating the Plaintiff's application. Despite the
Plaintiff's submission of all necessary documentation, payment of all necessary fees, and
numerous inquiries made through multiple channels, the Plaintiff's N-400 application
remains pending. The Plaintiff has now exhausted all possible administrative remedies.
Mandamus action is appropriate. 28 U.S.C. § 1361; 28 U.S.C. § 1331.

27. Mandamus action is also appropriate because the Defendants have failed to act within a
reasonable period of time. *See, e.g., Liu*, 509 F. Supp. 2d at 8-9 (holding that the APA
requires the government to act within a reasonable period of time); *Saleem v. Keisler*, 520 F.
Supp. 2d 1048, 1055 (W.D. Wis. 2007) (same). Were such relief not available, the
Defendants could hold N-400 applications in abeyance for decades without providing any
reasoned basis for doing so. Such an outcome defies logic – the Defendants simply do not

possess the unfettered discretion to relegate noncitizens to a state of "limbo, leaving them to

languish there indefinitely." *Kim*, 340 F. Supp. 2d at 393; *see American Academy of Religion*

*v. Chertoff*, 463 F. Supp. 2d 400 (S.D.N.Y. 2006).

28. Generally, in determining what is "unreasonable," courts may look to a variety of factors,

including any Congressional guidance on what it considers to be reasonable, internal

operating procedures established by the agency, processing times in similar cases, the source

of the delay, and the facts of the particular case. *See TRAC v. FCC*, 750 F.2d 70, 80 (D.C.

Cir. 1984). A court need not "find any impropriety lurking behind agency lassitude in order

to hold that agency action is unreasonably delayed." *Saleem*, 520 F. Supp. 2d at 1058-59. The

delay in scheduling a naturalization interview and adjudicating Plaintiff's N-400 application

extends well beyond Congress's guideline of 180 days for immigration benefits under 8

U.S.C. § 1571 and the Defendants' own estimated processing time of 5.0 months. *See* 8

U.S.C. § 1571; Exh. 2. More importantly, this delay impacts the Plaintiff's ability to advance

professionally, to sponsor family members for immigration benefits, and to enjoy the

privileges and responsibilities of U.S. citizenship.

29. Considering all of these factors, the Defendants' delay in processing the Plaintiff's N-400

application is plainly unreasonable.

30. Moreover, the Defendants have provided no reasonable explanation for this delay or for their

failure to promptly schedule a naturalization interview.

31. Should the delay be due to pending completion of background checks prior to examination,

pursuant to 8 C.F.R. § 335.2(b), the Defendants lack statutory authority to withhold or delay

action on an N-400 application pending such background investigation. *See* INA §§ 316. *See*

*also, e.g., Aslam*, 531 F. Supp. 2d at 742 ("[T]he FBI is involved in the process [of processing name check requests] only because the CIS has adopted a *policy* of requesting a name check before final adjudication of an application and the FBI has acceded to those requests.").

32. As the Defendants have failed to carry out their mandatory duty to adjudicate the Plaintiff's pending N-400 application, and have unreasonably delayed action for more than 12 months without valid justification, and as the Plaintiff has exhausted all administrative remedies, this Court should compel the Defendants to adjudicate the Plaintiff's N-400 application without further unreasonable delay. *See* 8 U.S.C. § 1329; 28 U.S.C. §§ 1331, 1361; 5 U.S.C. §§ 555(b), 706(1).

33. Furthermore, the Defendants' unreasonable delay is arbitrary and capricious and an unconstitutional violation of the Plaintiff's right to due process under the Fifth Amendment. *See* 5 U.S.C. § 706(2) ("[The reviewing court shall] "hold unlawful and set aside agency action" [found to be] "arbitrary, capricious or an abuse of discretion, or otherwise not in accordance with the law."); *cf. Accardi*, 347 U.S. 260 (noting that unreasonable delay claims may implicate due process because the failure to act is an unlawful means of denying an application that is otherwise approvable).

34. Finally, the Defendants' delay is without justification and has forced the Plaintiff to resort to this Court for relief, and the Plaintiff is entitled to attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(d)(2).

## VII. <u>PRAYER</u>

WHEREFORE, the Plaintiff prays that the Court:

1. Compel the Defendants and those acting under them to perform their duty to schedule a naturalization interview and to adjudicate the Plaintiff's N-400 application without further delay;

2. Enter a declaratory judgment that the Defendants' unreasonable delay violates the U.S. Constitution, the INA, the federal regulations, the APA, and that such delay is arbitrary and capricious;

3. Grant attorney's fees and costs of Court to the Plaintiff under the Equal Access to Justice Act; and

4. Grant such other and further relief as this Court deems proper under the circumstances.

Respectfully submitted this 14th day of March, 2014,

*By counsel,*

Thomas K. Ragland
D.C. Bar Number: 501021
BENACH RAGLAND LLP
1333 H Street, N.W., Suite 900 West
Washington, DC  20005
T: (202)644-8600
F: (202)644-8615
E: tkragland@benachragland.com

*Counsel for the Plaintiff*

13